UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-62026-CIV-HUCK-O'SULLIVAN

NICHOLAS SEKESAN and ELENA
SEKESAN,

      Plaintiffs,

v.

AEGIS FUNDING CORP., et al.,

      Defendants.
_____/

## ORDER STRIKING JURY DEMAND

      This Matter is before the Court on the Motion to Strike the Jury Demand (D.E. # 14) filed by Defendants Ocwen Loan Servicing, LLC and U.S. Bank National Association, N.A., as Indenture Trustee for the registered holders of AEGIS Asset Backed Securities Trust 2005-2, Mortgage Backed Notes. Defendants' contend that the mortgage agreement, which the Plaintiffs signed, expressly waived their right to a jury trial. *Id.* at 2. Plaintiffs' have not responded to the Motion, timely or otherwise. For the following reasons, the Court grants the Motion.

      "A party may validly waive its Seventh Amendment right to a jury trial so long as waiver is knowing and voluntary." *Bakrac, Inc. v. Villager Franchise Sys. Inc.*, 164 Fed. Appx. 820, 823 (11th Cir. 2006). To determine whether a waiver was made knowingly and voluntarily, courts consider: (1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel. *Allyn v. W. United Life Assur. Co.*, 347 F. Supp. 2d 1246, 1252 (M.D. Fla. 2004). The court considers these factors and then determines "whether, in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." *Id.*

      The final paragraph of the mortgage agreement's last substantive page provides as follows: "**Jury Trial Waiver**. The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising

out of or in any way related to this Security Instrument or the Note." (D.E. # 14-1). This waiver is identical to that upheld in *Collins v. Countrywide Home Loans, Inc.*, --- F. Supp. 2d ----, 2010 WL 55603 (M.D. Fla. Jan. 5, 2010). After reviewing the pleadings, the Court agrees with the conclusions that *Collins* drew from similar factual circumstances:

> The totality of the circumstances indicate that the waiver is enforceable. The waiver is not unconscionable, contrary to public policy or simply unfair. It was clear and conspicuous. Plaintiffs are not plainly unsophisticated or vulnerable parties. Nothing indicates that Plaintiffs could not have negotiated the terms of the contract, or that they were forced to sign the mortgage documents in a situation where they had no bargaining power. Even though Plaintiffs were not represented by an attorney, this in and of itself does not relieve Plaintiffs from obligations they took upon themselves.

*Id.* at *6. Additionally, while Plaintiffs generally allege that the defendants engaged in fraud, Plaintiffs do not allege that the jury waiver itself was secured through fraud. "Allegations and evidence of fraud must relate specifically to the waiver provision." *Id.* Accordingly, it is hereby

ORDERED that the Motion is GRANTED. That portion of the Complaint demanding a jury trial shall be STRICKEN.

DONE AND ORDERED in Chambers, Miami, Florida, March 25, 2010.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record
Nicholas Sekesan & Elena Sekesan (*pro se*)
3236 Pierce Street
Hollywood, FL 33021